MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: MATTHEW L. SCHWARTZ
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-1945
Fax: (212) 637-2750

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
BALVIR SINGH GUJJAR,

        Plaintiff,                    **ANSWER**

      - against -                    Filed Electronically

ANDREA QUARANTILLO, New York      No. 07 Civ. 7978 (AKH)
District Director of U.S. Citizenship and
Immigration Services,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

       Defendant Andrea Quarantillo, by her attorney Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint on information and belief as follows:

1.    Neither admits nor denies the allegations in paragraph 1 of the complaint because they constitute plaintiff's characterization of this action.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint, except admits that plaintiff Balvir Singh Gujjar was assigned Alien Registration Number A75 016 421, and is a lawful permanent resident of the United States of America.

3.    Denies the allegations in paragraph 3 of the complaint, except admits that

   defendant Andrea Quarantillo is the District Director for the New York District of the United States Citizenship and Immigration Services ("CIS").

4. Neither admits nor denies the allegations in paragraph 4 of the complaint because they constitute plaintiff's assertion of jurisdiction, to which no response is required. To the extent a response is required, defendant denies the allegations contained in this paragraph.

5. Neither admits nor denies the allegations in paragraph 5 of the complaint because they constitute plaintiff's assertion of venue, to which no response is required.

6. Admits the allegations in paragraph 6 of the complaint.

7. Admits the allegations in paragraph 7 of the complaint, and respectfully refers the Court to form N-652, Naturalization Interview Results, attached to the complaint.

8. Denies the allegations in paragraph 8 of the complaint, except admits that CIS cannot process plaintiff's application for naturalization until the Federal Bureau of Investigations ("FBI") completes its investigation of plaintiff, a process that is ongoing.

9. Denies the allegations in paragraph 9 of the complaint, except admits that CIS cannot process plaintiff's application for naturalization until the FBI completes its investigation of plaintiff.

10. Neither admits nor denies the allegations in paragraph 10 of the complaint because they constitute statements and conclusions of law to which no

response is required.  To the extent a response is required, the defendant denies the allegations contained in this paragraph, and respectfully refers the Court to 8 U.S.C. § 1447(b).

11. Neither admits nor denies the allegations in paragraph 11 of the complaint because they constitute plaintiff's characterization of this action, and statements and conclusions of law, to which no response is required.  To the extent a response is required, the defendant denies the allegations contained in this paragraph

12. The last, unnumbered paragraph in the complaint contains plaintiff's prayer for relief, to which no response is required.

## FIRST DEFENSE

13. The Complaint fails to state a claim upon which relief can be granted

## SECOND DEFENSE

14. The Court lacks subject matter jurisdiction over this action.

## THIRD DEFENSE

15. Plaintiff has failed to exhaust his administrative remedies.

## FOURTH DEFENSE

16. Plaintiff has failed to show that he is owed any peremptory duty that defendant has refused to perform.

## FIFTH DEFENSE

17. Mandamus will not lie against defendant to control the exercise of her administrative judgment and discretion.

SIXTH DEFENSE

18.  Plaintiff's claims are unripe for review.

SEVENTH DEFENSE

19.  Any delay in the adjudication of plaintiff's naturalization application is attributable to plaintiff's own actions.

EIGHTH DEFENSE

20.  Plaintiff is not statutorily eligible for naturalization until CIS has completed its examination of plaintiff, including an investigation into plaintiff's background by the FBI.

NINTH DEFENSE

21.  Plaintiff has failed to join an indispensable party.

WHEREFORE, the defendant demands judgment dismissing the complaint with prejudice

Dated:	New York, New York
		December 27, 2007

			MICHAEL J. GARCIA
			United States Attorney
			Attorney for Defendants

	By:	/s/ Matthew L. Schwartz
			MATTHEW L. SCHWARTZ
			Assistant United States Attorney
			Telephone: (212) 637-1945
			Facsimile:  (212) 637-2750